UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JESSICA DIGGS,

Plaintiff,

v.

THE SAVINGS BANK MUTUAL LIFE INSURANCE COMPANY OF MASSACHUSETTS,

Defendant.

No. 24-cv-11808-PGL

**ORDER ON MOTION TO STRIKE**

LEVENSON, U.S.M.J.

Defendant SBLI has moved to strike: (1) Plaintiff's responses to its statement of material fact, and (2) the expert opinion of Steven Burgess, offered by Plaintiff. *See* Docket No. 97.

*1. Statement of Material Facts*

I will allow in part SBLI's motion to strike Plaintiff's responses to its statement of material fact.

SBLI is correct that Plaintiff's responses to the statement of material facts are rife with impermissible argument and characterization. Docket No. 98 at 3–7. The examples that SBLI cites all reflect pointless verbiage and improper argument. This failure to comply with Rule 56.1 makes the Court's work more difficult and adds no persuasive force to Plaintiff's submissions.

That said, there's no need to strike Plaintiff's answers in full or to conduct a line-by-line analysis. Instead, in preparing a report and recommendation on the parties' respective motions for summary judgment I will compile the relevant facts that are supported by the record and will

point out some instances where Plaintiff's counsel's argument goes beyond the record. As the parties do not dispute the authenticity of the underlying records, I will also cite exhibits referenced in the parties' statements of material fact.

This is essentially the approach that the court followed in *Hache v. AIG Claims, Inc.*, No. 20-CV-10652-PBS, 2023 WL 5939644 (D. Mass. Sept. 12, 2023). As the court noted in that case, "This court is also capable of distinguishing any argument or unsupported opinion from [plaintiff's] asserted facts without the need to strike or limit [plaintiff's] Statement. To the extent [plaintiff's] Statement of Material Facts contains any such arguments or opinions, this court will not credit them as facts for purposes of summary judgment." *Hache*, 2023 WL 5939644, at *2.

*2. Motion to Strike Expert Opinion*

SBLI raises a variety of objections to Plaintiff's submission of opinion evidence from Steven Burgess as reflected in his Report (the "Burgess Report"). Docket No. 90-2. Among other problems with the Burgess Report, SBLI questions whether Mr. Burgess is in a position to offer opinions on various of the matters his report addresses. *See* Docket No. 98 at 15 ("The Claim Denial Opinion and Contestability Review Opinions are inadmissible under FRE 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) because Mr. Burgess has no expertise to offer in these areas.").

There are indeed serious questions whether, and to what extent, Mr. Burgess may be in a position to offer admissible testimony at trial. Even if Mr. Burgess's opinions on liability questions are inadmissible, he may nevertheless be in a position to educate the jury about some aspects of insurance underwriting or claims processing that would be unfamiliar to an average juror. It is not unusual to permit testimony about industry standards, customs, and practices from an individual qualified to testify about such things. *See Levin v. Dalva Brothers, Inc.*, 459 F.3d

68, 79 (1st Cir. 2006) ("Expert testimony on industry standards is common fare in civil litigation."); *Pelletier v. Main Street Textiles, LP*, 470 F.3d 48, 55 (1st Cir. 2006) (same). But allowing some testimony about industry standards is a far cry from permitting "expert" testimony about the applicable legal standard or about jury questions of reasonableness or fault.

There is no need to decide the question of trial admissibility at this juncture. In my report and recommendation on the parties' summary judgment motions I do not rely on any aspect of Mr. Burgess's report. Accordingly, SBLI's motion to strike is, in this respect, moot. *See Sarno Realty, Inc. v. Selective Ins. Co. of the Se.*, No. CV 20-10924-FDS, 2022 WL 993778, at *17–18 (D. Mass. Mar. 31, 2022) (denying as moot motion to exclude expert testimony where the Court's conclusion would remain the same regardless of the disposition of the *Daubert* motion); *cf. Hoover v. Hyatt Hotels Corp.*, 99 F.4th 45, 59 (1st Cir. 2024) (presuming the admissibility of the expert's opinions without engaging in the *Daubert* inquiry and concluding that the expert's opinions fell short of creating a factual dispute warranting trial on a negligence claim).

## CONCLUSION

For the forgoing reasons, Defendant's motion to strike is:

ALLOWED in part as to Plaintiff's responses to SBLI's statement of material fact; Defendants' argumentative interjections will be disregarded.

DENIED as moot as to the Report of Steven Burgess.

/s/ Paul G. Levenson
Paul G. Levenson
U.S. MAGISTRATE JUDGE

Dated: August 24, 2026

NOTICE OF OBJECTION PROCEDURE

The parties are advised that under Rule 72(a) of the Federal Rules of Civil Procedure and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determination(s) and order(s) must serve and file any objections within fourteen days of being served a copy of this order, unless a different time is prescribed by the magistrate judge or the district judge. *See* Fed. R. Civ. P. 72(a). Such objections must specifically designate the order, or part, to be modified or set aside and the basis for objection. The district judge will set aside any portion of the magistrate judge's order that is found to be clearly erroneous or contrary to law. The parties are further advised that failing to follow the objection procedures of Rule 2(b) may preclude further appellate review. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964–65 (1st Cir. 1997).